```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :   Chapter 11
                                                 :
RAPID-AMERICAN CORPORATION,                      :   Case No. 13-10687 (SMB)
                                                 :
                         Debtor.                 :
-------------------------------------------------X
                                                 :
RAPID-AMERICAN CORPORATION,                      :   Adv. No. 15-01095 (SMB)
THE OFFICIAL COMMITTEE OF                        :
UNSECURED CREDITORS, AND                         :
LAWRENCE FITZPATRICK, THE                        :
FUTURE CLAIMANTS'                                :
REPRESENTATIVE,                                  :
                                                 :
                         Plaintiffs,             :
                                                 :
              -against-                          :
                                                 :
TRAVELERS CASUALTY AND                           :
SURETY COMPANY, ST. PAUL                         :
FIRE AND MARINE INSURANCE                        :
COMPANY, AND NATIONAL UNION                      :
FIRE INSURANCE COMPANY OF                        :
PITTSBURGH, PA,                                  :
                                                 :
                         Defendants.             :
-------------------------------------------------X
```

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR A PROTECTIVE ORDER

**A P P E A R A N C E S:**

REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022

    Paul E. Breene, Esq.
    Paul M. Singer, Esq.
        Of Counsel.

*Counsel to the Debtor and Debtor-in-Possession*

GILBERT LLP
1100 New York Avenue, NW, Suite 700
Washington, DC 20005

>  Mark A. Packman, Esq.
>  Kami E. Quinn, Esq.
>  Michael B. Rush, Esq.
>  Samantha R. Miller, Esq.
>      Of Counsel.

*Counsel to the Official Committee of Unsecured Creditors and the Future Claimants' Representative*

YOUNG CONWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE 19801

>  Sara Beth A.R. Kohut, Esq.
>      Of Counsel.

*Counsel to the Future Claimants' Representative*

CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174

>  Daren S. McNally, Esq.
>  Barbara M. Almeida, Esq.
>  Shane T. Calendar, Esq.
>      Of Counsel.

*Counsel to Travelers Casualty and Surety Company and St. Paul Fire and Marine Insurance Company*

MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019

>  Eileen T. McCabe, Esq.
>  R. James Bradford, Esq.
>      Of Counsel.

>  --and--

DAVID CHRISTIAN ATTORNEYS LLC
3515 West 75th Street, Suite 208
Prairie Village, KS 66208

>  David Christian, Esq.
>      Of Counsel.

*Counsel to National Union Fire Insurance Co. of Pittsburgh, PA*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

Rapid-American Corporation ("Rapid"), the Official Committee of Unsecured Creditors (the "Committee") and Lawrence Fitzpatrick, the Future Claimants' Representative (collectively, the "Plaintiffs") seek a protective order under Rule 26 of the Federal Rules of Civil Procedure quashing six identical non-party subpoenas (the "Subpoenas")[1] served on separate facilities (the "Claims Processing Facilities") that process the personal injury claims asserted against and administered by asbestos trusts. (*Plaintiffs' Motion for a Protective Order*, dated Oct. 20, 2017 (the "*Motion*") (ECF Doc. # 158); *see also Plaintiffs' Reply in Further Support of their Motion for a Protective Order*, dated Nov. 10, 2017 (ECF Doc. # 162).) The insurer defendants, Travelers Casualty and Surety Company, St. Paul Fire and Marine Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pa. (collectively, the "Defendants") oppose the *Motion*. (*Defendants' Joint Memorandum of Law in Opposition to Plaintiffs' Motion for a Protective Order*, dated Nov. 3, 2017 (the "*Opposition Memorandum*") (ECF Doc. # 159); *Affirmation of Daren S. McNally in Opposition to Plaintiffs' Motion for a Protective Order*, dated Nov. 3, 2017 (ECF Doc. # 160.) For the reasons that follow, the *Motion* is denied.

## BACKGROUND

The background to this litigation and some of the insurance-related issues are discussed in the Court's prior decisions, *Rapid-Am. Corp. v. Travelers' Cas. & Sur. Co. (In re Rapid-Am. Corp.)*, Adv. Proc. No. 15–01095 (SMB), 2017 WL 2120041 (Bankr.

---

[1]    The Subpoenas are annexed as Exhibits A-F to the *Affirmation of Michael B. Rush in Support of Plaintiffs' Motion for a Protective Order*, dated Oct. 20, 2017 (ECF Doc. # 158-3).)

3

S.D.N.Y. May 15, 2017) and *Rapid-Am. Corp. v. Travelers' Cas. & Sur. Co.* (*In re Rapid-Am. Corp.*), Adv. Proc. No. 15–01095 (SMB), 2016 WL 3292355 (Bankr. S.D.N.Y. June 7, 2016. Briefly, Rapid is successor to the liabilities of The Philip Carey Manufacturing Company, which manufactured and distributed products containing asbestos. Like other asbestos manufacturers, Rapid faced significant liability arising from personal injury asbestos related claims. While Rapid settled many claims, there were still approximately 275,000 outstanding asbestos-related personal injury claims against it when it filed this chapter 11 case on March 8, 2013. Rapid now seeks to reorganize pursuant to Section 524(g) of the Bankruptcy Code and to use its insurance proceeds to fund a settlement trust that will resolve its current and future asbestos-related liability.

The Defendants, Rapid's excess insurers during certain periods, denied coverage on several theories. As a result, the Plaintiffs filed this adversary proceeding on March 13, 2015. They seek declaratory and monetary relief based on their contention that four insurance policies issued by the Defendants cover Rapid's liability for hundreds of thousands of asbestos-related personal injury claims asserted against it.

On or about July 31, 2017, the Defendants served the Subpoenas on the Claims Processing Facilities.[2] The Claims Processing Facilities administer the claims filed against other asbestos trusts not involving Rapid. Nevertheless, the Defendants believe that some of those same claimants have also filed claims against Rapid, possibly for the same asbestos-related injury. The Subpoenas focus on the approximate 450,000

---

[2] The Claims Processing Facilities include Claims Processing Facility, Inc., Claims Resolution Management Corporation, Delaware Claims Processing Facility, MFR Claims Processing, Inc., Verus Claims Services, and The Western Asbestos Settlement Trust. (*Motion* at Exs. A-F.)

4

claimants who asserted claims against Rapid. Each Subpoena enclosed a CD which provided an electronic list of claimants who have asserted claims against Rapid (the "Spreadsheet"), including claims that have been settled, dismissed or remain pending. (*Motion*, Ex. G (ECF Doc. # 158-4) at 11-12 of 13.)[3] If a Rapid claimant's name appeared in the database, the Subpoena sought, *inter alia*, the claimant's social security number, date of birth, gender, address and contact information, date of death (if applicable), whether death was asbestos-related (if applicable), disease level, smoking history, medical records and importantly, information relating to the date and circumstances of exposure. (*Motion* at pgs. 11-12.)

The Plaintiffs filed the *Motion* seeking a protective order (they did not seek to quash the Subpoenas under Fed. R. Civ. P. 45) contending that the information they seek is irrelevant and the burden they impose is undue. The Plaintiffs were met with a threshold objection from the Defendants that they lacked standing to object to the Subpoenas, and in any event, the Subpoenas sought relevant information and did not impose an undue burden.

## DISCUSSION

Rule 26(c)(1), on which the Plaintiffs rely, provides in relevant part that "[a] party or any person from whom discovery is sought may move for a protective order [and] the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . . forbidding the disclosure or discovery." A party seeking a protective order

---

[3] The page references "_ of _" refer to the numbers imprinted at the top of the page by the Court's CM/ECF system.

pursuant to Rule 26(c)(1) must prove that good cause exists to support its issuance. *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. 2014; *see also Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003) ("The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant"). To establish "good cause," a party must demonstrate "a particular need for protection." *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71 (S.D.N.Y. 2010); *In re Terrorist Attacks on Sept. 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) ("Ordinarily, good cause [for a protective order] exists when a party shows that disclosure will result in a clearly defined, specific and serious injury") (internal quotations and citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Duling*, 266 F.R.D. at 71 (*quoting Schiller v. City of New York*, 2007 WL 136149 at *5 (S.D.N.Y. Jan. 17, 2007)).

### A. Standing

"A party lacks standing to challenge, on grounds of relevance or burden, a subpoena served on a non-party," *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 CIV. 6811 CM JCF, 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012); *see also Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975); *accord Estate of Ungar v. Palestinian Authority*, 332 F. App'x 643, 645 (2d Cir.2009); *Malibu Media, LLC v. Doe*, 15-cv-3147 (AJN), 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016), unless the moving party can demonstrate a right or privilege personal "such as an interest in proprietary, confidential information that would be disclosed or an interest in maintaining a privilege that would be breached by disclosure." *US Bank Nat. Ass'n v. PHL Variable*

6

*Ins. Co.*, No. 12 CIV. 6811 (CM) (JCF), 2012 WL 5395249, at *2 (S.D.N.Y. Nov. 5, 2012); *accord Estate of Ungar*, 332 F. App'x at 645; *Allison v. Clos-ette Too, LLC,* No. 14 Civ. 1618(LAK)(JCF), 2015 WL 136102, at *7 (S.D.N.Y. Jan. 9, 2015); *see generally* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." (footnote omitted)).

The Plaintiffs have failed to demonstrate standing to challenge the Subpoenas. The Subpoenas are directed at the Claims Processing Facilities, and the information the Subpoenas seek relates to other cases in which Rapid's creditors may have asserted personal injury asbestos claims. The Subpoenas do not seek any information in which the Plaintiffs have a protectable interest, and the Plaintiffs do not suggest that the Claims Processing Facilities have any such information. Furthermore, the Plaintiffs cannot circumvent the limitation on their standing by moving for a protective order under Rule 26 rather than to quash the Subpoenas under Rule 45. *US Bank Nat. Ass'n*, 2012 WL 5395249, at *2 ("[I]t would be peculiar indeed if a party could circumvent the well-established standing requirements under Rule 45 simply by styling what is effectively a motion to quash as a motion for a protective order.") "The proper standard to be applied in evaluating whether a party has standing to request a protective order on behalf of a third-party is the same as that which is applied in the context of efforts by parties to quash subpoenas directed to non-parties." *Heller v. City of New York*, No. 06CV2842 (NG), 2008 WL 2965474, at *4 (E.D.N.Y. Apr. 11, 2008) (citation omitted), *report and recommendation adopted*, No. 06CV2842 (NG) (CLP), 2008 WL 2966187

(E.D.N.Y. Aug. 1, 2008); *accord Malmberg v. United States*, No. 5:06CV1042 (FJS), 2010 WL 1186573, at *1 (N.D.N.Y. Mar. 24, 2010) ("A party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash unless the party is seeking to protect a personal privilege or right."); *In re Application of FB Foods, Inc., No.*, M8-85(JFK), 2005 WL 2875366, at *1 (S.D.N.Y. Nov. 2, 2005) (same).

The authorities cited by the Plaintiffs that were decided by courts in this district illustrate the general rule rather than ignore it. In *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541 (S.D.N.Y. 2005), *aff'd*, 332 F. App'x 643 (2d Cir. 2009), the plaintiffs obtained a judgment against the Palestinian Authority based on terrorist acts, and sought discovery from non-parties in an attempt to collect their judgment. *Id.* at 543. One of the subpoenaed parties, Orascom, moved to quash the subpoenas served on all parties, including certain non-parties. *Id.* After stating the general rule that "[i]n the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness," *id.* at 554 (*quoting Langford*, 513 F.2d at 1126), the Court ruled that Orascom lacked standing to object to the non-party subpoenas except for the subpoena served on its U.S. counsel, White & Case, which implicated Orascom's claim of privilege. *Id.*

Similarly, in *Malanga v. NYU Langone Med. Ctr.*, No. 14CV9681, 2016 WL 7477561 (S.D.N.Y. Dec. 29, 2016), a plaintiff sued NYU Langone Medical Center and School of Medicine, NYU Hospitals Center, and Silvia Formenti, M.D. for, *inter alia*, sexual orientation discrimination in violation of the New York City Human Rights Law. *Id.* at *1. The plaintiff issued a non-party subpoena to Weill Cornell Medicine Radiation Oncology, where Dr. Formenti had previously worked, seeking information about any

8

complaints made by Cornell employees against Dr. Formenti. *Id.* The defendants moved to quash the subpoena, arguing that any complaints made against Dr. Formenti in her previous employment were irrelevant to "whether [p]laintiff was retaliated or discriminated against during her employment at NYU." *Id.*

The *Malanga* plaintiffs responded that the defendants lacked standing to quash the non-party subpoena based on relevancy, undue burden or broadness, incorrectly asserting that the claims against Dr. Formenti had been dismissed. In fact, she remained a defendant on two claims. *Id.* at *1 n.1. The *Malanga* Court did not address the rule that a party cannot seek to quash a non-party subpoena unless the party has some interest in the underlying information (which Dr. Formenti clearly had), and instead, identified the "critical issue" as relevance. *Id.* Concluding that the subpoena sought irrelevant information, the District Court quashed it. *Id.* at *2.

The Plaintiffs cite several decisions from other districts that recognize a distinction between standing under Rules 26 and 45, and permit a party to challenge a non-party subpoena on grounds of relevance and/or undue burden by seeking a protective order under Rule 26. (*Motion* at 4-5 & 5 n. 2.) As noted earlier, the Courts in this district have rejected that distinction. In fact, the *U.S. Bank* Court expressly rejected the reasoning of one of the Plaintiffs' authorities, stating that it relied on a distinction that this Circuit does not recognize. *U.S. Bank*, 2012 WL 5395249, at * 2 (criticizing *Streck, Inc. v. Research & Diagnostic Systems, Inc.,* No. 8:06CV458, 2009 WL 1562851, at *3 (D.Neb. June 1, 2009)).

9

Finally, the Committee makes the novel argument that it has standing to object to the Subpoenas because they seek information about Rapid's creditors and the Committee owes a fiduciary duty to protect the privileged information of its constituents. (*Motion* at 7-10.) The theory is unsound and unsupportable. A creditors' committee represents the body of creditors, not individual creditors or sub-groups within its constituency. *In re Motors Liquidation Co.*, 541 B.R. 104, 135 n. 86 (Bankr. S.D.N.Y. 2015); *In re Rickel & Assocs., Inc.*, 272 B.R. 74, 99 (Bankr. S.D.N.Y. 2002); *ABF Capital Mgmt. v. Kidder Peabody & Co. (In re Granite Partners L.P.)*, 210 B.R. 508, 516 (Bankr.S.D.N.Y.1997); *In re Drexel Burnham Lambert Group, Inc.,* 138 B.R. 717, 722 (Bankr. S.D.N.Y.), *aff'd,* 140 B.R. 347 (S.D.N.Y.1992). Otherwise, a creditors' committee could never object to a claim or oppose relief sought by one of its constituents that, if granted, would prejudice the creditor group as a whole. In short, the Committee lacks standing to assert the rights of the individual Rapid claimants.

### B. Relevance and Burden

The Plaintiffs assert that the discovery sought via the Subpoenas is not relevant to any claim or defense in this adversary proceeding. (*Motion* at 11.) According to the Plaintiffs, "even if a number of the Underlying Claimants did, in fact, enter into settlements with other manufacturers of alleged asbestos-containing products and/or the trusts that administer their assets, such payments have no relevance to resolving the legal issues in this case, i.e., the Insurers' obligations to Rapid." (*Motion* at 12.) The Plaintiffs also assert that the information sought through the Subpoenas is not proportional to the needs of the case and that allowing the Subpoenas to go forward would burden the parties, the Claims Processing Facilities and the Court. (*Motion* at

10

11.) Although the foregoing discussion of standing disposes of the *Motion*, the Court concludes, in the alternative, that the Subpoenas are relevant and impose no burden on the Plaintiffs.

Rule 26(b)(1) provides that the scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26 is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Evans v. Calise*, No. 92 CIV 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The Defendants' contend, and I agree, that the information they seek through the Subpoenas is directly relevant to their contractual liability. If a claimant made a claim to an asbestos trust asserting that he or she was exposed to asbestos outside of the Defendants' respective policy periods or to another manufacturer's product, that information may directly bear on the Defendants' liability.

Nor do the Subpoenas impose an undue burden. They are directed at non-parties and do not place any burden of production on the Plaintiffs. If the Claims Processing Facilities view the discovery to be burdensome or disproportionate and cannot resolve the dispute directly with the Defendants, they can move to quash the Subpoenas. At the hearing, counsel for the Plaintiffs suggested that the discovery was burdensome to them because they would have to review any response (although they argued that the information is irrelevant). (Transcript of 11/21/2017 Hr'g at 16:22-17:4 (ECF Case No. 15-1095 Doc. # 164.) The short answer is that they do not have to review anything unless a Claimant Processing Facility matches its records with the name of a Rapid

11

claimant.  And if a Rapid claimant filed a claim in another asbestos case alleging exposure outside of the Defendants' policy periods or to a different manufacturer's product, the relevance of that information would outweigh any burden that might befall the Plaintiffs in reviewing it.

So ordered.

Dated:  New York, New York
        February 12, 2018

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge