Reply Deadline: April 19, 2019

Eileen T. McCabe, Esq.
R. James Bradford, Esq.
Jaimie Ginzberg, Esq.
Glenn Greenberg, Esq.
**MENDES & MOUNT, LLP**
750 Seventh Avenue
New York, NY 10019
Telephone: (212) 26108000
Facsimile: (212) 261-8750
eileen.mccabe@mendes.com
jaimie.ginzberg@mendes.com
james.bradford@mendes.com
glenn.greenberg@mendes.com

David Christian (*pro hac vice*)
**DAVID CHRISTIAN ATTORNEYS LLC**
105 W. Madison Street
Suite 1400
Chicago, IL  60602
Telephone: (312) 273-1807
dchristian@dca.law

*Attorneys for the Defendant National Union Fire Insurance Company of Pittsburgh, PA*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RAPID-AMERICAN CORPORATION, Debtor. | Chapter 11<br>Case No. 13-10687-smb |
| RAPID-AMERICAN CORPORATION,<br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, and LAWRENCE FITZPATRICK, THE FUTURE CLAIMANTS' REPRESENTATIVE<br><br>                              Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY, ST. PAUL FIRE AND MARINE INSURANCE COMPANY, AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br>                              Defendants. | Adversary Proceeding No.<br>15-01095<br>Related to Doc. No. 53 |

**NATIONAL UNION'S RESPONSE TO PLAINTIFFS' STATEMENT OF**
**UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 7056-1**

1

## IN SUPPORT OF NATIONAL UNION'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON ALLOCATION

Defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") submits this Response to Plaintiffs' "Statement of Undisputed Material Facts in support of Plaintiffs' Motion for Partial Summary Judgment on Allocation, pursuant to Federal Rule of Civil Procedure 56, Federal Rule of Bankruptcy Procedure 7056 and Local Rule 7056.1."

## RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 7056

1.    Rapid, a former holding company of various retail operations has been held liable for successor liabilities allegedly arising from exposure to asbestos-containing products manufactured and sold by The Philip Carey Manufacturing Company ("Carey") prior to June 1967.

**National Union's Response:**  National Union denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  National Union notes that there is no citation to admissible evidence in support of the alleged facts.

2.    Since 1989, when it ceased all business operations, Rapid has been dependent on insurance coverage to fund claim settlements and defense costs associated with the asbestos litigation against it.

**National Union's Response:**  National Union denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.  National Union notes that there is no citation to admissible evidence in support of the alleged facts.

3.    Between 1992 and 2012 Rapid resolved approximately 100,000 asbestos claims, incurring over $700,000,000 in defense and indemnity costs.

2

**National Union's Response:** National Union denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. National Union notes that there is no citation to admissible evidence in support of the alleged facts.

4.  At its petition date, Rapid had approximately 275,000 additional claims outstanding. Rapid initiated this Chapter 11 case with the expectation of creating a trust to fund its current and future asbestos claims under 11 U.S.C. § 524(g).

**National Union's Response:** National Union denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. National Union notes that there is no citation to admissible evidence in support of the alleged facts.

5.  On March 31, 2015, Rapid filed this breach of contract and declaratory judgment action against various excess insurers. *See* Dkt. No. 1. It seeks a declaration of the insurance companies' obligations to indemnify Rapid for bodily injury claims allegedly arising from exposure to asbestos-containing products. *Id.*

**National Union's Response:** National Union admits that on March 31, 2015, Rapid filed this breach of contract and declaratory judgment action. National Union otherwise denies any characterization or interpretation thereof by Plaintiffs.

6.  The National Union 1977 Policy sold to Rapid by National Union is a two-page policy in effect for the period from October 31, 1977 to January 1, 1979. *See* National Union 1977 Policy, Breene Aff., Ex. A at ¶3.

**National Union's Response:** Admitted.

7.  The National Union 1977 Policy contains the following "follow form" language:

> [S]ubject to all the terms and conditions set forth below [] the insurance afforded by this policy shall follow form [to] all the terms and conditions of Policy Number [to be Advised] issued by

3

>> Northbrook Insurance Co. including all renewals and rewrites thereof.

*See Id.*

**National Union's Response:** Denied. The complete quotation of the language is as follows:

> The Company agrees with the Insured named below, in consideration of the premium paid and subject to all the terms and conditions set forth below that the insurance afforded by this policy shall follow all the terms and conditions of Policy Number to be Advised issued by Northbrook Insurance Co. including all renewals and rewrites thereof. *See* Breene Aff., Ex. A.

8. The "terms and conditions set forth below" were not substantive, but were limited to Rapid's Address, the Policy Period, a description of the "coverage" as "Excess Following Form Umbrella Liability," and the premium. *See Id.*

**National Union's Response:** Denied, including but not limited to Plaintiffs' characterization of the "terms and conditions" listed below as "not substantive." National Union further denies Plaintiffs' listing of what comprises the "terms and conditions set forth below." The "terms and conditions set forth below" are the following: "Named Insured: Rapid American Corp."; the "Address – 888 Seventh Avenue, New York, New York 10019"; "Policy Period: October 31, 1977 to January 1, 1979..."; "Coverage: "Excess Following Form Umbrella Liability"; "Limit of Liability: $7,0000,000 each occurrence and in the Aggregate part of $40,000,000 each occurrence and in the aggregate excess of $40,000,000 each occurrence and in the aggregate which in turn is excess of Primary"; "Premium: $7,000.00 - Policy Period"; and "Rate; Flat". *See* Breene Aff., Ex. A.

9. The Northbrook Policies below the National Union 1977 Policy contain two separate non-cumulation provisions, which are incorporated into the National Union 1977 Policy. *See* Northbrook Policies, Breene Aff., Exs. C and D.

4

**National Union's Response:** Denied. National Union denies the Northbrook 1977 Policy contains "two separate non-cumulation provisions" and that two separate non-cumulation provisions are incorporated into the National Union 1977 Policy (*See* Breene Aff. Ex. C). In addition, the National Union 1977 Policy does not incorporate any of the terms and conditions from the Northbrook 1978 policy. At the inception of the National Union 1977 policy (October 31, 1977), the Northbrook 1978 Policy was not in existence, since the Northbrook 1978 Policy did not incept until January 1, 1978. The Northbrook policy in effect on October 31, 1977 was the Northbrook 1977 Policy. *See* Breene Aff., Ex. C. Moreover, Plaintiffs have not proven nor come forward with admissible evidence that the Northbrook 1978 Policy contains two separate non-cumulation provisions. The policy form numbers differ and counsel does not state on what basis he could affirm that Exhibit D is a true and correct copy of the Northbrook 1978 Policy.

10.  The non-cumulation provisions state:

PRIOR INSURANCE AND NON-CUMULATION OF LIABILITY. It is agreed that if any loss covered hereunder is also covered in whole or in part under any other excess policy issued to the insured prior the inception date hereof the limit of liability hereon as stated in Item 2 of the Declarations shall be reduced by any amounts due to the insured on account of such loss under such prior insurance.

NON-CUMULATION OF LIABILITY - SAME OCCURRENCE. If the same Occurrence gives rise to Personal Injury, Property Damage or Advertising Liability that occurs partly before and partly within any one annual period, the limit of liability applicable to each such Occurrence and any aggregate limit of liability applicable to such injury or damage shall be reduced by the amount of all payments made by the Company with respect to such Occurrence, either under a previous policy or policies issued by the Company of which this is a replacement, or under this policy with respect to previous annual periods thereof.

*See* Id.

**National Union's Response:** Denied that the above-quoted language is contained in the National Union 1977 Policy – see above. National Union admits only that the above language is quoted correctly as it appears on certain pages attached to Ex. D to the Breene Aff.

5

11. National Union issued excess policy No. 9608477 to Rapid, which covers the period January 1, 1984 to January 1, 1985 (the "National Union 1984 Policy"). The National Union 1984 Policy provides limits of $10,000,000 each occurrence and in the aggregate. *See* Breene Aff., Ex. B.

**National Union's Response:** Admitted.

12. The National Union 1984 Policy consists of a one-page declaration and two endorsements, one of which states that the National Union 1984 Policy "shall follow all the terms and conditions of policy number NA000001 issued by New England Insurance Company . . . ." *See* Breene Aff., Ex. B.

**National Union's Response:** Denied. The complete paragraph cited by Plaintiffs states as follows:

> The Company agrees with the Insured named below, in consideration of the premium paid and subject to all the terms and conditions set forth below that the insurance afforded by this Policy shall follow all the terms and conditions of Policy Number NA000001 issued by New England Insurance Company including all renewals and rewrites thereof.

National Union otherwise denies any characterization or interpretation thereof by Rapid. *See* Breene Aff. Ex. B.

13. Like the Northbrook Policies, the Underlying New England policy contains "non-cumulation" language in its "other insurance" provision:

> If other collectible insurance under any policy(ies) of the COMPANY is available to the INSURED, covering a loss also covered hereunder (other than underlying insurance of which the insurance afforded by this policy is in excess), the COMPANY's total liability shall in no event exceed the greater or greatest limit of liability applicable to such loss under this or any other such policy(ies). If other collectible insurance under any policy(ies) of the COMPANY is available to the INSURED, the ULTIMATE NET LOSS as the result of any one OCCURRENCE not covered by the underlying insurance shall not be cumulative.

*See* Breene Aff., Ex. E.

6

**National Union's Response:** National Union denies the underlying New England policy contains "non-cumulation" language in its "other insurance" provision. Compare, for example, Breene Aff., Ex. E at p. 6 of 25 with Breene Aff., Ex.. D at p. 8-10 of 31. National Union otherwise denies any characterization or interpretation of the quoted "other insurance" clause.

### STATEMENT OF ADDITIONAL MATERIAL FACTS PURSUANT TO LOCAL RULE 7056-1 (C)

1. Plaintiffs admit there is a material issue of disputed fact as to whether the 1977-79 National Union policy incorporates the non-cumulation provisions in the purported 1978 Northbrook policy. *See* Plaintiffs' Memorandum of Law in Support in Support of Their Motion for Partial Summary Judgment on Allocation. at 5, n.4.

2. The 1977-79 National Union Policy could not follow form to the 1978 Northbrook policy since the Northbrook policy was not in existence at the inception of the 1977-79 National Union Policy. *See* Breene Aff., Ex. A.

3. Plaintiffs have not met their burden to show that Ex. D to the. Breene Aff. is a true and correct copy of the 1978 Northbrook Policy. The first 9 pages of Exhibit D to the Breene Aff. have a policy form number of "RU28-1." *See* Ex. D at 10 to Breene Aff. (bottom left corner). Nowhere in those 9 pages does it state the policy number. The policy number does not appear until the next page (page 11); that page has a reference to policy form number "RU29-1" (bottom left corner). Mr. Breene did not state on what basis he was able to affirm that Exhibit D is a true and correct copy of the 1978 insurance policy issued by Northbrook to Rapid.

4. Plaintiffs admit that if the Court denies their Motion for Partial Summary Judgment on Allocation, subject to appeal, the present case would be over. *See* Ex. 1 to the Affirmation of R. James Bradford in Support of National Union's Opposition to Plaintiffs'

Motion for Partial Summary Judgment on Allocation. (January 11, 2019 court conference transcript at pp. 5-7 and 41).

Dated: March 29, 2019

Respectfully submitted,

/s/ Eileen T. McCabe
Eileen T. McCabe, Esq.
Jaimie Ginzberg, Esq.
R. James Bradford, Esq.
Glenn Greenberg
MENDES & MOUNT, LLP
750 Seventh Avenue
New York, NY 10019
Telephone: (212) 26108000
Facsimile: (212) 261-8750
eileen.mccabe@mendes.com
jaimie.ginzberg@mendes.com
james.bradford@mendes.com
glenn.greenberg@mendes.com

/s/ David Christian
David Christian, Esq. (pro hac vice)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison Street
Suite 1400
Chicago, IL 60602
Telephone: (312) 273-1807
dchristian@dca.law
*Attorneys for the Defendant National Union Fire Insurance Company of Pittsburgh, PA*